# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BOSE CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

No. 19 C 7467

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that Defendants sell counterfeit versions of Plaintiff's products in violation of the federal Lanham Act and Illinois law. Plaintiff filed motions for a temporary restraining order enjoining Defendants' production of the counterfeit products [12], and for permission to serve process electronically [17]. At a motion hearing early today, the Court denied those motions without prejudice. The Court also stated that the case would be dismissed without prejudice under Federal Rules of Civil Procedure 10 and 20, pending Plaintiff's submission of a brief addressing those issues. This written Order supplements the reasons the Court gave orally during the hearing.

## Analysis

### I.    Rule 10

Rule 10 provides that "the complaint must name all the parties." Plaintiff filed the complaint stating that the defendants would be named in an attached "Schedule

A." The attachment, however, did not name any party but stated that "Schedule A" would be "delivered to the Court in a sealed envelope." R. 1-3. Six days later, "Schedule A" was electronically filed. R. 10. Notably, this filing of November 18, 2019, occurred after the case was assigned to the undersigned judge on November 12, 2019.

The Court understands that this delay in filing the schedule listing the defendants has become somewhat of a custom in Lanham Act cases filed in this district. Indeed, this Court has granted motions for injunctions and entered default judgments in cases filed in this manner. But the Court now understands that this practice raises the specter of forum shopping because it allows a plaintiff to learn the identity of the assigned judge before identifying the defendants. Since these cases often make claims against tens or hundreds of defendants, and enforcement of joinder rules is in the court's "considerable discretion," *see UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018), the judge assigned can have a great impact on a plaintiff's determination as to the number of defendants to include in the case. A particular judge's practice of permitting or refusing to permit joinder of tens or hundreds of defendants in the same case, and the extent of the showing the judge requires on that issue, might effect whether it is worthwhile for a plaintiff to pursue a case with multiple defendants before a particular judge. And to the extent more judges in this district more strictly enforce the requirements of Rule 20, it may become cost prohibitive for plaintiffs to bring individual cases against defendants where there is only a small potential liability or recovery.

The Court makes no judgment on whether that was actually Plaintiff's calculus and intent. As noted, this is a circumstance that only recently became apparent to the Court. But the fact that the practice of waiting to file Schedule A creates the opportunity to forum shop means it is a practice that must stop.

The need to file Schedule A under seal is not an excuse. The Local Rules provide for filing an entire case under seal. *See* L.R. 5.7. And in any event, there was nothing preventing Plaintiff from filing the Schedule under seal immediately after filing the complaint, and before learning the assigned judge.

## II. Rule 20

Additionally, Schedule A names 17 defendants and the Court finds it unlikely that all of these defendants are properly joined under Rule 20. Rule 20(a)(2) permits joinder when "any right to relief is asserted . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." The Court has "considerable discretion" and "flexibility" in applying Rule 20. *See UWM Student Ass'n*, 888 F.3d at 863. And "[u]nrelated claims against different defendants belong in different suits." *Id.*

Plaintiff makes the following allegations relevant to the "transaction and occurrence" requirement:

> [Defendants] share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

3

> [Defendants' internet sites] bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Bose Products were manufactured by and come from a common source and that Defendants are interrelated. The [websites] also include other notable common features, including use of the same accepted payment methods, check-out methods, meta data, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

R. 1 ¶¶ 3, 21.

The Court rejects Plaintiff's inference that the similarities and irregularities among the allegedly counterfeit products and websites "suggests" that the products "were manufactured by and come from a common source." To the contrary, it is not surprising that the alleged counterfeits and websites appear similar to the public since all the defendants are all trying to imitate the original.

Without that suggested inference, Plaintiff's allegations do not indicate that the defendants named in Schedule A have anything in common other than Plaintiff's claim that they have infringed Plaintiff's trademarks. Defendants who "simply commit[] the same type of violation in the same way [are] not link[ed] . . . together for the purposes of joinder." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014); *see also In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (holding that Rule 20 "requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction'"). And courts in this district have held similar joinder

allegations under the Lanham Act do not satisfy Rule 20. *See Slep-Tone Entm't Corp. v. Roberto*, 2013 WL 5748896, at *1 (N.D. Ill. Oct. 22, 2013) (citing cases).

**Conclusion**

Therefore, the Court is inclined to dismiss this case without prejudice under Rules 10 and 20. As mentioned, the Court has not previously so strictly applied Rules 10 and 20 in cases like this. So, Plaintiff is granted leave to file a brief of no more than ten pages addressing the issues identified in this Order. If Plaintiff doesn't file a brief (or seek an extension) by December 16, 2019, the case will be dismissed without prejudice the next day.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 21, 2019