# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BOSE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OPERATORS OF ANDWIND, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-07467<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Sunil R. Harjani** |

## NOTICE OF RELATED DECISION

Plaintiff Bose Corporation ("Plaintiff" or "Bose") submits this Notice of a Related Decision. In *WowWee Grp. Ltd. v. Meirly*, 2019 U.S. Dist. LEXIS 51905 (S.D.N.Y. Mar. 27, 2019), the Court found that joinder remained appropriate in a factually similar case, with allegations similar to the allegations in Bose's Second Amended Complaint. The section of the Court's opinion on joinder is reproduced below, and a copy of the full opinion is attached hereto as **Exhibit 1**:

> "Parties may be joined when" there are common questions of law or fact and when "(1) the defendants are jointly and severally liable under the claims asserted by the plaintiff, or (2) the claim for relief by the plaintiff arises out of the same transaction, occurrence, or series of transactions or occurrences." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 243 (S.D.N.Y. 2012) (Nathan, J.) (citing Fed. R. Civ. P. 20(a)(2)). Under the Federal Rules, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).
>
> The Court finds these elements met in this action. Because of the similar course of conduct in which all Defaulting Defendant are alleged to have engaged, this case clearly presents common questions of law or fact. The closer question is whether the claims for relief arise out of the same series of transactions or occurrences

notwithstanding the fact that they are asserted against dozens of different merchants on the Wish.com platform.

Plaintiffs assert two reasons for finding this standard met in this case. First, Plaintiffs infer a "logical relationship" between the Defaulting Defendants. There are significant similarities across the Defaulting Defendants' merchant storefronts, and Plaintiffs contend that many Defaulting Defendants likely share common ownership, even if that ownership is not readily identifiable based on the Wish.com platform. Br. at 5-8; *see also Bulgari, S.P.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 14-CV-4819 (RAG) (MMR), 2014 U.S. Dist. LEXIS 107218, 2014 WL 3749132, at * 1-5 (N.D. Ill. Jul. 18, 2014) (recommending granting preliminary injunction against similar host of alleged counterfeiters) *report and recommendation adopted* 2014 U.S. Dist. LEXIS 103652, 2014 WL 3765854, at *2 (N.D. Ill. July 29, 2014). Second, Plaintiffs note that Defendants have failed to appear and raise any issue regarding joinder. As a consequence, there are no defenses raised in this action, let alone conflicting ones, that would require separate factual and legal analysis. As a final matter, Plaintiffs note the practical argument that China-based counterfeiters like Defaulting Defendants are in constant communication and could easily spread news of impending lawsuits to one another, frustrating an attempt to litigate against each seller individually. Br; at 6.

The Court finds these arguments sufficient to support its continued declining to sever this action as to each Defendant. Although there may be concerns regarding the appropriateness of joinder of many distinct defendants, those concerns are moderated when no conflicting defenses have been asserted and when Plaintiff has established a strong likelihood that many of the Defaulting Defendants have engaged in coordinated actions or share ownership.

| | |
|---|---|
| Dated this 9th day of January 2020. | Respectfully submitted,<br><br>/s/ Justin R. Gaudio<br>Amy C. Ziegler<br>Justin R. Gaudio<br>Allyson M. Martin<br>Greer, Burns & Crain, Ltd.<br>300 South Wacker Drive, Suite 2500<br>Chicago, Illinois 60606<br>312.360.0080 / 312.360.9315 (facsimile)<br>aziegler@gbc.law<br>jgaudio@gbc.law<br>amartin@gbc.law<br><br>*Counsel for Plaintiff Bose Corporation* |